[5 NYS3d 82]

In the Matter of JAMES J. SEIFERHELD, Appellant-Respondent, v RAYMOND KELLY, as Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents-Appellants.

First Department, March 12, 2015

## APPEARANCES OF COUNSEL

*Ungaro & Cifuni*, New York City (*Nicholas Cifuni, Robert A. Ungaro* and *Daniel Jaffe* of counsel), for appellant-respondent.

*Zachary W. Carter, Corporation Counsel*, New York City (*Inga Van Eysden* and *Keith Snow* of counsel), for respondents-appellants.

**OPINION OF THE COURT**

RENWICK, J.

Petitioner James J. Seiferheld is a former New York City Police Department (NYPD) officer on disability retirement who was caught performing construction work while claiming to be disabled. After 11 years as an NYPD officer, Seiferheld incurred an on-the-job injury and applied for accidental disability retirement (ADR) benefits. Seiferheld claimed that he fell while walking on ice and snow, which caused various neck and shoulder injuries that prevented him from performing police duty. Seiferheld's application was granted, and he was awarded ADR in 2004. One month later, the NYPD received information that Seiferheld was working elsewhere. A lengthy NYPD investigation, including videotaped observations, showed that Seiferheld was performing construction work on a daily basis without apparent difficulty. Based on the NYPD reports, the Police Pension Fund's Board of Trustees remanded his disability application to the Medical Board for reconsideration. The Medical Board concluded that Seiferheld's condition had improved dramatically, and recommended disapproval of his disability application.

On April 11, 2007, the Board of Trustees voted to place Seiferheld on a list of candidates eligible to become police officers. The Board acted pursuant to the safeguards of the disability retirement provision of the City's Administrative Code (*see* Administrative Code of City of NY §§ 13-202 [a], [b]; 13-216 [a], [b]; 13-254), which provides that a disability pensioner found able to work could be required to return to City service. Within months, however, Seiferheld became medically disqualified for the position after he tested positive for cocaine. The City's Law Department then advised the Police Pension Fund that Seiferheld was no longer disabled and was no longer entitled to a disability pension. The Fund's Board of Trustees did not act on this advice. Instead, on July 18, 2007, the Fund's Director of Pension Payroll simply informed Seiferheld that his pension benefit would be suspended.

Seiferheld filed a CPLR article 78 petition to annul the Director's suspension of ADR benefits. Petitioner argued that the suspension of his disability was arbitrary and capricious.

Alternatively, petitioner sought his reinstatement as a police officer. Supreme Court denied the petition in its entirety.

First, Supreme Court found that "the determination of the Medical Board that petitioner was no longer disabled was supported by ample evidence derived from physical examinations and contained in the medical records reviewed" (22 Misc 3d 1132[A], 2008 NY Slip Op 52670[U], *7 [Sup Ct, NY County 2008], revd 70 AD3d 460 [1st Dept 2010], affd 16 NY3d 561 [2011]). Supreme Court "[t]herefore [found that] the challenged determination was neither arbitrary nor capricious" (id.).

Second, Supreme Court acknowledged that the safeguards statute did not specify the consequences of a disability beneficiary like Seiferheld who, due to his own fault, became disqualified from returning to City service. Nevertheless, Supreme Court reasoned that the statute must have intended to either reduce or suspend his benefits (id. at *8).

This Court reversed Supreme Court's order and judgment. Initially, like Supreme Court, "[w]e reject[ed] petitioner's challenge to the Medical Board's determination that he is no longer disabled, since that determination is supported by 'some credible evidence' and was not arbitrary and capricious" (70 AD3d 460, 462 [1st Dept 2010]). Contrary to Supreme Court, however, we found that the " 'suspension' or revocation of petitioner's disability benefits by the Police Pension Fund was without statutory authority, because it was not directed by the Board of Trustees" (id. at 462-463). This Court noted that "[t]he last determination issued by the Board in this matter was that petitioner was not disabled and should be returned to work as a police officer" (id. at 463). This last majority vote by the Board of Trustees took place prior to petitioner's testing positive for cocaine, which made him ineligible to return to duty. Respondent City appealed to the Court of Appeals (16 NY3d 561 [2011]).

On appeal, the City argued that because petitioner was no longer entitled to benefits, ceasing to pay the benefits was a "purely ministerial act" (id. at 567). The Court of Appeals rejected this argument, and affirmed this Court's order annulling the termination of petitioner's pension benefits. The Court found that the "Appellate Division correctly held that the benefits can be terminated only by the trustees of the Police Pension Fund, who have not taken the necessary action" (id. at 564). The Court explained, in pertinent part:

> "However well justified a reduction or termination
> of benefits may be in this case, the Board of Trust-

ees has to do it. There might be cases in which the impropriety of paying benefits is so obvious that Pension Fund employees can simply stop paying, without either advance approval or ratification from the board; this might be true, for example, if the statute said on its face, 'No benefits shall be paid to any beneficiary who has a positive drug test.' But the application of the confusing safeguards statute to this case is something the trustees must address. Of course the trustees should weigh the advice of the City's Law Department in deciding the question, but the decision is theirs, subject to appropriate judicial review" (*id.* at 567-568).

On remand, the Board of Trustees met at the behest of the City. The City moved to terminate petitioner's ADR benefits retroactively to July 2007, when his pension was suspended by the Police Pension Fund. There was a tie vote (six in favor of termination of benefits and six against termination of benefits). When the City took the position that the tie vote meant that the benefits had not been reinstated by the Board of Trustees, Seiferheld commenced this petition seeking to compel the City to retroactively restore his ADR benefits. In response, the City continued to maintain its position that only a vote by a majority of the Board of Trustees could restore petitioner's pension benefits. Supreme Court denied the petition to the extent Seiferheld sought reinstatement of the ADR benefits. Supreme Court, however, granted the petition to the extent Seiferheld sought reinstatement to the position of police officer. Both Seiferheld and the City appealed.

■ We agree with the City that Supreme Court erred in granting that part of the petition seeking Seiferheld's reinstatement to the position of police officer. The court's direction to reinstate petitioner to his position of police officer was inconsistent with Administrative Code § 13-254, in that petitioner rendered himself unqualified by reason of a positive drug test for cocaine, a fact not known to the Trustees at the time they directed that petitioner's name be placed on the civil service list of persons eligible to be a police officer.

■ We, however, reject the City's contention that the Police Pension Fund's July 18, 2007 termination of petitioner's ADR benefits remains in effect until a majority of the Board of Trust-

ees votes to reinstate petitioner's pension benefits. Such position is contrary to this Court's prior decision and order (70 AD3d at 460). Obviously, our revocation of the Police Pension Fund's determination meant that petitioner's benefits were reinstated by this Court. In fact, in our decision and order, we explicitly "restore[d] said benefits" (*id.*), and the Court of Appeals affirmed our determination (16 NY3d at 564).

Without question, like the Court of Appeals, we find this case "very troubling" because Seiferheld's pension benefits should have been reduced or terminated once he tested positive for cocaine. However, as this Court—as well as the Court of Appeals—has held, the safeguards statute makes clear that any action under the statute must be taken by the Board of Trustees. The fact remains, however, that the only determination made by the Board thus far is that petitioner is no longer disabled and should be returned to work as a police officer. That result is not possible, since petitioner forfeited his right to be placed on the preference list of police candidates when he disqualified himself by testing positive for cocaine.

Thus, the Board of Trustees must now make a determination with respect to petitioner's entitlement to ADR benefits. The Board has two options under the law. It must either terminate petitioner's ADR benefits or reduce petitioner's ADR benefits. Absent Board action, petitioner shall receive ADR benefits retroactive to July 18, 2007, the date of the improper termination of benefits by the Police Pension Fund. Whether to terminate or reduce the ADR benefits is the Board's choice. However, the Board must act to protect the Fund and the public. Its ultimate decision is subject to appropriate judicial review. Thus, the matter is remanded to the Board of Trustees for immediate action consistent with this decision and order.

Accordingly, the judgment of the Supreme Court, New York County (Kathryn E. Freed, J.), entered June 4, 2013, denying petitioner's application for, inter alia, retroactive reinstatement of accidental disability retirement benefits, and confirming the Board of Trustees' determination, dated April 11, 2007, that petitioner be returned to work as a police officer, should be reversed, on the law, without costs, petitioner's ADR benefits should be reinstated retroactive to the date of revocation, and the Board's April 11, 2007 determination should be vacated, and the matter remanded to the Board for a consideration of the options consistent with this opinion. The appeal from the order of the same court and Justice, entered December 5, 2013,

which denied respondents' motion for reargument of the June 4, 2013 judgment, should be dismissed, without costs, as taken from a nonappealable order.

FRIEDMAN, J.P., MOSKOWITZ, RICHTER and MANZANET-DANIELS, JJ., concur.

Judgment, Supreme Court, New York County (Kathryn E. Freed, J.), entered June 4, 2013, reversed, on the law, without costs, petitioner's ADR benefits reinstated retroactive to the date of revocation, the Board's April 11, 2007 determination vacated, and the matter remanded to the Board for a consideration of the options consistent with this opinion. Appeal from order, same court and Justice, entered December 5, 2013, dismissed, without costs.